IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHANTOVIA JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-1687-N |
| | § | |
| CHICK AND SEAFOOD, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Chick and Seafood, Inc.'s ("CSI") motion to dismiss the complaint [7].[1]  Because the complaint fails to state a claim to relief against CSI that is plausible on its face, the Court grants the motion but allows Jackson leave to replead.

### I. ORIGINS OF THE MOTION

This case arises out of a dispute regarding CSI's termination of Plaintiff Chantovia Jackson.  Jackson is an African-American female.[2]  Compl. ¶ 2 [1].  Jackson worked at various locations of Henderson Chicken in the Dallas-Fort Worth area between 2014 and 2021.  *Id*. ¶ 9.  CSI owns a Henderson Chicken franchise located on Camp Wisdom Road in Dallas, Texas.  *Id*. ¶ 7.  Jackson worked at the Camp Wisdom location of Henderson Chicken from 2018 to 2021.  *Id*. ¶ 9.  While working at the Camp Wisdom location, Jackson

---

[1] The motion and this Order address only Plaintiff's claims against CSI.
[2] For purposes of this Order, the Court accepts the well-pleaded allegations of the Complaint as true.

suffered both racial and sexual harassment.  *Id*. ¶¶ 11–12.  The owner and store manager used slurs and derogatory language towards African-Americans in front of Jackson. *Id*. ¶ 11.  On different occasions, they also grabbed her buttocks and placed money in her bra.  *Id*. ¶ 12.  Jackson reported this behavior to the owner and Linda Henderson, the franchisor of Henderson Chicken.  *Id*. ¶ 14.  The owner fired Jackson, explaining that she complained too much.  *Id*. ¶ 15.  Jackson filed suit against CSI and Linda Henderson for claims of discrimination and retaliation under Title VII as well as retaliation under 42 U.S.C. § 1981.  CSI now moves to dismiss Jackson's claims under Rule 12(b)(6).

## II.  RULE 12(B)(6) LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief.  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (internal quotation marks omitted).  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).  But a plaintiff must provide "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

### III.  THE COURT GRANTS THE MOTION TO DISMISS

#### A.  *Jackson Has Not Pleaded Administrative Exhaustion*

Title VII prohibits employers from "discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). Aggrieved parties pursuing civil claims must first exhaust their administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002) ("Although filing of an EEOC charge is not a jurisdictional prerequisite, it 'is a precondition to filing suit in district court.'") (citation omitted). If the EEOC dismisses this charge, it must "notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e-5(e)(1). A plaintiff has 90 days from receipt of the right to sue letter to file a lawsuit. *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009) (per curiam).

Jackson has not pleaded any facts regarding administrative exhaustion in her complaint. In her response to CSI's motion, Jackson explains that she filed a charge of

discrimination with the EEOC on June 28, 2021.  Pl.'s Resp. Mot. Dismiss 7 [12].  But stating this fact in her response is not sufficient; Jackson must plead the facts related to administrative exhaustion, including the receipt of a right to sue letter, in her complaint. *See Twombly*, 550 U.S. at 570 (A viable complaint must include "enough facts to state a claim to relief that is plausible on its face.").  Accordingly, CSI is entitled to dismissal on this ground.

### B.  Jackson Has Not Properly Pleaded CSI's Status as an Employer Under Title VII

To establish that CSI is an employer for purposes of Title VII, Jackson must show that CSI has fifteen or more employees and engages in an industry affecting commerce.  *Muhammad v. Dall. Cnty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007) (citing 42 U.S.C. § 2000e(b)).  "Title VII's '15-or-more-employees requirement,' although not jurisdictional, is 'the threshold number of employees for application of Title VII [and] is an element of a plaintiff's claim for relief.'"  *Mejia v. Ayala*, 2021 WL 3930090, at *3 (N.D. Tex. 2021) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 504, 516 (2006)).  "[S]uperficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer." *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).  Four factors must be considered in the integrated enterprise analysis: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control."  *Id*.

ORDER – PAGE 4

Jackson has not alleged enough facts to determine whether CSI fits the definition of an employer under Title VII.  Jackson argues that all employees of Henderson Chicken franchises, as part of an integrated enterprise, should count towards the 15-employee requirement of Title VII.  In her complaint, Jackson states that [a]ll of the Henderson Chicken franchises' operations are interrelated, with centralized control of labor relations, including transferring employees between and among the franchises." Compl. ¶ 8.  She further alleges that Linda Henderson participates in management, oversight, and controls the financial affairs of franchisees.  *Id*.    But these allegations are conclusory and do not suffice to infer that all employees of Henderson Chicken count towards the 15-employee requirement.  Jackson must allege specific facts demonstrating the interrelated nature of CSI and Henderson Chicken.  *See, e.g.*, *Hawkins v. TRT Holdings, Inc.*, 2021 WL 149021, at *2 (N.D. Tex. 2021) (holding that termination of subsidiary's employees upon acquisition, sharing of headquarters and executive-level employees, approval of all personnel decisions, setting of budgets, and collection and distribution of earnings demonstrated centralized control of labor relations, common management, and financial control).[3]  Accordingly, CSI is entitled to dismissal on this ground.

---

[3] Jackson does not necessarily need to plead this set of facts.  Rather, there must be greater specificity in her allegations; it would be conclusory to say that Henderson Chicken and CSI share financial control, but a specific allegation would be that a single executive approves and disburses payroll for all franchises.  This allegation alone would likely not be enough, but several specific allegations taken together, as in *Hawkins*, may satisfy the integrated enterprise analysis.  2021 WL 149021, at *2.

CONCLUSION

Because Jackson has not pleaded administrative exhaustion or CSI's employer status under Title VII with sufficient particularity, the Court grants the motion to dismiss. The Court grants Jackson leave to amend her pleadings within thirty (30) days of the date of this Order in a manner consistent with this opinion. If she does not so amend, the Court will dismiss her claims against CSI with prejudice without further notice. This Order does not affect Jackson's claims against Linda Henderson.

Signed December 12, 2022.

David C. Godbey
Chief United States District Judge

ORDER – PAGE 6