IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHANTOVIA JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-1687-N |
| | § | |
| CHICK AND SEAFOOD, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

This Order addresses Defendants Chick and Seafood, Inc. ("CSI") and Linda Henderson's partial[1] motion to dismiss Plaintiff Chantovia Jackson's amended claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) [22]. Because Jackson has adequately pled her claims under Rule 12(b)(6), the Court denies the motion.

### **I. Origins of the Motion**

This case arises from Jackson's employment at, and ultimate termination from, a Henderson Chicken franchise located on Camp Wisdom Road in Dallas, Texas (the "Camp Wisdom Store"). CSI owns the Camp Wisdom Store, and Jackson worked there from 2018 to 2021. Am. Compl. ¶¶ 13, 17 [21]. Jackson alleges that she suffered both racial and sexual harassment as an African-American female while employed at that location. *Id.* ¶¶ 2, 18–19. She says that the owner, known to her as "Jim," and store manager, known

---

[1] Because Defendants did not address the adequacy of Plaintiff's claims under 42 U.S.C. § 1981, the Court considers the issue waived and construes the motion as a partial motion to dismiss.

to her as "Jordan," used slurs and derogatory language towards African-Americans. *Id.* ¶ 18. They also allegedly treated non-African-American employees preferentially with respect to granting breaks. *Id.* Further, Jackson contends that on different occasions, Jordan grabbed her buttocks and placed money in her bra. *Id.* ¶ 19. According to Jackson, when she reported this behavior to Jim and to the franchisor, Linda Henderson, they refused to take any action. *Id.* ¶ 21. Jim fired her for complaining too much shortly thereafter. *Id.* ¶ 22.

Jackson initially filed this suit against CSI and Linda Henderson for claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964[2] as well as retaliation under 42 U.S.C. § 1981. *See generally* Compl. [1]. The Court previously dismissed her Title VII claims against CSI but granted leave to amend. Order Granting Mot. Dismiss 6 [18]. Jackson amended her complaint, also naming Grand HBL, LLC as a defendant and adding a claim for failure to pay overtime in accordance with the Fair Labor Standards Act[3] ("FLSA"). Am. Compl. ¶¶ 4, 46–50. CSI and Linda Henderson now jointly move to dismiss her Title VII and FLSA claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. RULE 12(B)(6) LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "When reviewing a motion to dismiss, a district court

---

[2] Codified at 42 U.S.C. § 2000e, *et seq.*
[3] Codified at Codified at 29 U.S.C. § 210, *et seq*.

must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (internal quotation marks omitted). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

### III. THE COURT DENIES THE MOTION

#### A. Jackson Has Properly Pleaded CSI's Status as an Employer Under Title VII

To establish that CSI is an employer for purposes of Title VII, Jackson must show that CSI has fifteen or more employees and engages in an industry affecting commerce. *Muhammad v. Dallas Cnty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007) (citing 42 U.S.C. § 2000e(b)). "Title VII's '15-or-more-employees

MEMORANDUM OPINION AND ORDER – PAGE 3

requirement,' although not jurisdictional, is 'the threshold number of employees for application of Title VII [and] is an element of a plaintiff's claim for relief.'" *Mejia v. Ayala*, 2021 WL 3930090, at *3 (N.D. Tex. 2021) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 504, 516 (2006)). "[S]uperficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer." *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983). Four factors must be considered in the integrated enterprise analysis: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Id*.

Jackson has alleged enough facts to infer that CSI fits the definition of an employer under Title VII. Jackson argues that all employees of Henderson Chicken franchises, as part of an integrated enterprise, should count towards the 15-employee requirement of Title VII. Jackson specifically alleges that the different franchises transfer employees without any new hire paperwork, trade missing ingredients, and share materials and supplies. Am. Compl. ¶ 13. Linda Henderson visited all of the locations and instructed employees in how to perform their job duties. *Id*. ¶ 14. She controlled the terms and conditions of employment for all workers, as the franchise owner and operator could not make changes to employee salaries without her approval. *Id*. ¶ 16. She also treated the financial assets of the different restaurants as her own, as she "often helped herself to cash from the cash register." *Id*. 14. These facts demonstrate the interrelated nature of CSI and Henderson Chicken. Accordingly, Jackson has alleged enough facts demonstrating CSI's employer status to survive the motion to dismiss.

MEMORANDUM OPINION AND ORDER – PAGE 4

### B. *Jackson Has Pleaded Administrative Exhaustion of Her Title VII Claims*

Title VII prohibits employers from "discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). Aggrieved parties pursuing civil claims must first exhaust their administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002) ("Although filing of an EEOC charge is not a jurisdictional prerequisite, it 'is a precondition to filing suit in district court.'") (citation omitted). If the EEOC dismisses the charge, it must "notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e-5(e)(1). A plaintiff then has 90 days from receipt of that "right to sue letter" to file a lawsuit. *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009) (per curiam). The EEOC also must issue a right to sue letter if no civil action has been filed within 180 days of the filing of the charge, and if it does not do so, plaintiffs may request one. 42 U.S.C. § 2000e-5(f)(1); *see also Bowie v. Hodge*, 2020 WL 4747662, at *5 (E.D. La. 2020) (citing 29 C.F.R. § 1601.28).

Jackson admits that she has not received a right to sue letter from the EEOC, but she contends that she was nevertheless permitted to file her suit because more than 180

MEMORANDUM OPINION AND ORDER – PAGE 5

days had passed since she filed her charge of discrimination.[4]  Although receiving a right to sue letter is a statutory prerequisite to filing a Title VII suit, "where the relevant federal agency has failed to issue  the letter even though the 180–day deadline has expired," courts may permit plaintiffs "to maintain a Title VII action provided that [they] can show that [they are] entitled to the right-to-sue letter and [have] requested it." *Dougherty v. Township of Lower Merion,* 1996 WL 273675, at *2 (E.D. Pa. 1996) (citing *Fouche v. Jekyll Island–St. Park Auth.,* 713 F.2d 1518 (11th Cir. 1983); *Johnson v. Duval Cnty. Tchrs. Credit Union,* 507 F. Supp. 307 (M.D. Fla. 1980); *Stapper v. Texas Dep't of Hum. Res.,* 470 F. Supp. 242 (W.D. Tex. 1979)).  The EEOC's failure to issue a right to sue letter within a reasonable time after Jackson's request does not require dismissal if she has taken reasonable steps to comply with the jurisdictional prerequisites for bringing suit.  *Stapper*, 470 F. Supp. at 245–246; *see also Whitehead v. Reliance Ins. Co.*, 632 F.2d 452, 457 (5th Cir. 1980) (A private party that "has waited more than 180 days from the filing of the charge and is dissatisfied with the progress made by the EEOC in processing his charge" may bring a Title VII action in federal court even "though the EEOC has not indicated that its efforts have concluded.")

  Jackson has pled the filing of an EEOC charge, her request for a right to sue letter after the 180-day period expired, and the EEOC's failure to comply with its regulations

---

[4] Jackson filed a charge of discrimination on June 28, 2021, amended her charge on October 1, 2021, and requested a right to sue letter on June 13, 2022. Am. Compl. ¶ 23.  She filed her suit on August 8, 2022.

creating a mandatory duty to issue a right to sue letter. Accordingly, Jackson has exhausted her administrative remedies.

### C.  *Jackson Has Adequately Pleaded Her FLSA Claim*

FLSA mandates minimum wage and overtime compensation for employees who are (1) "engaged in commerce or in the production of goods for commerce" or (2) "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a); *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992). "*Either* individual or enterprise coverage is enough to invoke FLSA protection." *Martin*, 955 F.2d at 1032 (emphasis in original).

Defendants argue that Jackson's allegations related to her FLSA claim are conclusory and fail to establish that she either engaged in the production of goods for commerce or was employed in an enterprise engaged in commerce or in the production of goods for commerce. But as a worker in a fast-food restaurant, Jackson would have handled food, utensils, equipment, and other materials that had previously been moved in or produced for commerce, satisfying FLSA's coverage requirement. *See Landeros v. Fu King, Inc.*, 12 F.Supp.3d 1020 (S.D. Tex. 2014). Accordingly, Jackson has adequately pleaded her FLSA claim.

## CONCLUSION

Because Jackson has pled facts sufficient to state a claim under Rule 12(b)(6), the Court denies CSI and Henderson's partial[5] motion to dismiss. This Order does not affect Jackson's claims against Grand HBL, LLC.

Signed April 4, 2023.

David C. Godbey
Chief United States District Judge

---

[5] *See supra* n.1.