IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHANTOVIA JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1687-N-BN |
| | § | |
| CHICK AND SEAFOOD INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

In this employment action, raising claims under Title VII, 42 U.S.C. § 1981, and the Fair Labor Standards Act, the Court granted counsel's motions for leave to withdraw as attorney of record for Defendants Chick and Seafood Inc. (CSI), Grand HBL, LLC (Grand HBL), and Linda Henderson. *See* Dkt. Nos. 32-35.

Chief United States District Judge David C. Godbey then referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 36.

And, on August 14, 2023, the Court entered an Order Requiring Defendants to Retain Counsel or Risk Default [Dkt. No. 37], explaining:

> Henderson, as an individual, may proceed *pro se*. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").
> But CSI (a Texas corporation) and Grand HBL (a Texas limited liability company) may not. Each, "as a fictional legal person," may "only be represented by licensed counsel." *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) ("The 'clear' rule is 'that a corporation as a fictional legal person can only be

represented by licensed counsel.'" (quoting *K.M.A., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982))); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("[L]ower courts have uniformly held that 28 U.S.C. § 1654 ... does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel").

  The Court therefore ORDERS CSI and Grand HBL to retain new counsel and direct their counsel to enter an appearance on the record by **September 14, 2023**.

  Should CSI and Grand HBL fail to timely do so, as ordered, each defendant will risk being in default. That is, while "the appropriate measure for a judge to take when confronted with an unrepresented corporation [or limited liability company] is inherently discretionary," *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004), when a corporation or limited liability company declines or fails to hire counsel to represent it, the Court may properly strike its defenses, if it is a defendant, *see Donovan*, 736 F.2d at 1005 (holding district court properly struck defenses of corporate defendant who declined to hire counsel).

  Other courts have found default judgment to be the appropriate remedy when a corporation fails, after court warning, to appoint counsel. *See PalWeb Corp. v. Vimonta AG*, No. 3:00-cv-1388-P, 2003 WL 21992488, at *1 (N.D. Tex. Aug.19, 2003) (entering a final judgment against the defendant, a Swiss company, and finding that the defendant had been validly served; that the defendant entered its appearance through counsel; that counsel was allowed to withdraw by order of the court; that the court ordered the defendant to obtain substitute counsel (licensed to practice in the court's jurisdiction) on two occasions; and that no attorney licensed to practice in the jurisdiction had entered an appearance on the defendant's behalf; and that defendant was therefore in default); *see also Mount Vernon Fire Ins. Co. v. Obodoechina*, Civ. A. No. 08-3258, 2009 WL 424326, at *1 (S.D. Tex. Feb.19, 2009) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default.").

*Id*. at 1-3 (emphasis in original).

It is now almost one month past the court-ordered deadline for CSI and Grand HBL to retain new counsel and direct their counsel to enter an appearance on the record. Neither defendant followed the Court's directive in the sufficient time

- 2 -

allowed. And neither can continue to proceed unrepresented by counsel in this case.

In addition, although CSI, Grand HBL, and Henderson previously filed answers in this case, *see* Dkt. Nos. 8, 13, & 28, none have responded to the operative complaint, the Second Amended Complaint [Dkt. No. 31], filed July 31, 2023. So all three defendants appear to be technically in default.

Even so, only CSI and Grand HBL have failed to follow an order of the Court and, as a result, have prevented the prosecution of this case by being unrepresented by counsel. *Cf. JMC Constr. LP v. Modular Space Corp.*, No. 3:07-cv-1925-B, 2008 WL 4531819 (N.D. Tex. Oct. 8, 2008) (collecting authority for the proposition "that '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations'"; observing that, "[w]hile it is true that Defendants did not file an answer in response to the amended complaint, the history of the case shows Defendant has made an appearance in the case and has shown its intent to defend against all of Plaintiff's claims"; and denying motion for entry of default judgment (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); citations omitted)).

And the undersigned has considered the imposition of alternate sanctions short of striking CSI and Grand HBL's defenses and entering defaults. But, considering all the circumstances, the undersigned finds that lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits.

If, however, during the 14-day period to file objections to these findings, conclusions, and recommendation, CSI and Grand HBL retain counsel who makes an

appearance in this action, the undersigned will withdraw the recommendations set out below.

## Recommendation

The Court should (1) order that Defendant Chick and Seafood Inc.'s answer [Dkt. No. 8] and Defendant Grand HBL, LLC's answer [Dkt. No. 21] be stricken; (2) order that both Defendants Chick and Seafood Inc. and Grand HBL, LLC are in default; (3) direct the Clerk of Court, pursuant to Federal Rule of Civil Procedure 55(a), to enter default against Defendants Chick and Seafood Inc. and Grand HBL, LLC; and (4) order that Plaintiff Chantovia Jackson move, by no later than a date 30 days from the date of entry of any order accepting or adopting this recommendation, for default judgment against Defendants Chick and Seafood Inc. and Grand HBL, LLC for failure to appear by and through counsel.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

- 5 -

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 13, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE