IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHANTOVIA JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1687-N-BN |
| | § | |
| CHICK AND SEAFOOD INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER REGARDING DEFAULT**

In this employment action, raising claims under Title VII, 42 U.S.C. § 1981, and the Fair Labor Standards Act, the Court granted counsel's motions for leave to withdraw as attorney of record for Defendants Chick and Seafood Inc. ("CSI"), Grand HBL, LLC ("Grand HBL"), and Linda Henderson. *See* Dkt. Nos. 32-35.

Chief United States District Judge David C. Godbey then referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 36.

Prior to referring this case to the undersigned, the Court granted Plaintiff Chantovia Jackson leave to file a Second Amended Complaint (the "SAC"). *See* Dkt. No. 30. And the SAC, adding a new individual defendant, Amjad Elatrash, was filed on June 29, 2023. *See* Dkt. No. 31.

As to CSI and Grand HBL's failure to retain new counsel and direct counsel to enter an appearance on the record, *see* Dkt. No. 37, the undersigned entered findings of fact and conclusions of law on October 13, 2023 recommending that the Court order that CSI's answer [Dkt. No. 8] and Grand HBL's answer [Dkt. No. 21] be stricken;

order that both CSI and Grand HBL are in default; direct that the Clerk of Court enter default against CSI and Grand HBL under Federal Rule of Civil Procedure 55(a); and order that Jackson move (by no later than a date 30 days from the date of entry of any order accepting or adopting the recommendations) for default judgment against CSI and Grand HBL for their failure to appear by and through counsel [Dkt. No. 38] (the "FCR").

The FCR did not apply to the individual defendants, who can respond to the SAC *pro se*, if necessary. But, because neither individual defendant had responded to the SAC, the Court also entered an order on October 13 requiring that, by November 6, 2023, Jackson "either (1) file a status report advising the Court if Jackson does not believe that either individual defendant (or both) is in default after having been properly served with process in this case or (2) seek entry of default and file a motion for default judgment against either individual defendant – or both." Dkt. No. 39; *see also* N.D. TEX. L. CIV. R. 55.1 ("If a defendant has been in default for 90 days, the presiding judge may require the plaintiff to move for entry of a default and a default judgment. If the plaintiff fails to do so within the prescribed time, the presiding judge will dismiss the action, without prejudice, as to that defendant.").

Jackson responded on November 6 by filing Plaintiff's Status Report and Motion to Deem Defendant Elatrash Served [Dkt. No. 40] and moving for default judgment against CSI, Grand HBL, and Henderson, *see* Dkt. No. 41.

Starting with the motion for default judgment, the motion is premature.

In this circuit, there is a required three-step procedure to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk of the Court; and (3) entry of default judgment by the district court. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (defining "the terms regarding defaults").

As to CSI and Grand HBL, Chief Judge Godbey has not ruled on the FCR. So it has only been recommended (not ordered) that the Clerk of Court enter default against these defendants.

And Jackson has not requested entry of default against Henderson. *Cf. Lewis v. Morehouse Det. Ctr.*, Civ. A. No. 09-0332, 2010 WL 2360720, at *1 (W.D. La. Apr. 30, 2010) ("Having set aside the Clerk's entry of default against the individual defendants, plaintiff now lacks the requisite foundation for a default judgment against them."), *rec. adopted*, 2010 WL 2360669 (W.D. La. June 9, 2010).

Turning to Elatrash, Jackson reports:

> Elatrash is the owner of Chick and Seafood, Inc. ("CSI"), which operates the Henderson Chicken franchise at which Plaintiff worked when the events giving rise to her claims occurred. When Plaintiff was employed by CSI, she did not know Elatrash's name, as he used the alias "Jim." Plaintiff identified "Jim" in her Original Complaint and indicated her intention to amend her Complaint to add "Jim" as a Defendant as soon as she learned his identity.
> To that end, on April 3, 2023, counsel for Plaintiff conferred with then-counsel for the Defaulting Defendants, Bret Gerard, about Plaintiff's Motion for Leave to File her Second Amended Complaint to add Elatrash as a Defendant. Mr. Gerard asked a question in response, but never responded to inform counsel for Plaintiff whether or not he opposed the Motion. Accordingly, on April 3, 2023, Plaintiff filed her Motion for Leave to Amend as an opposed Motion. On June 21, 2023, Plaintiff served a Request for Production upon Elatrash. On June 29, 2023, having had no response to Plaintiff's Motion for Leave, this Court

> granted Plaintiff leave to file her Second Amended Complaint.
>
> On July 12, 2023, Mr. Gerard informed counsel for Plaintiff that he would be filing a motion to withdraw from his representation of Defendants Grand HBL, LLC, and Linda Henderson. Mr. Gerard specifically stated that he would continue to represent Defendants Chick and Seafood, Inc. *and* Elatrash. In a call on July 13, 2023, Mr. Gerard asked for an extension of time for Elatrash to respond to Plaintiff's Request for Production, and Mr. Gerard further agreed to provide deposition dates for Elatrash's deposition. Based on this call, counsel for Plaintiff understood that Mr. Gerard would answer on behalf of Elatrash. Mr. Gerard never answered on behalf of nor provided deposition dates for Elatrash.
>
> On August 3, 2023, Mr. Gerard indicated that he would be seeking to withdraw from his representation of CSI. Mr. Gerard further indicated he would not seek to withdraw from his representation of Elatrash because he never formally appeared on Elatrash's behalf. On August 9, 2023, Plaintiff's counsel sent Mr. Gerard a Notice of Deposition for Elatrash, scheduled for September 12, 2023. The Notice of Deposition identified Mr. Gerard as counsel for Elatrash. True and correct copies of the emails between Mr. Gerard and counsel for Plaintiff are attached hereto as Exhibit "A" and incorporated herein by reference.
>
> This Court granted Mr. Gerard's motions to withdraw on August 11, 2023. Elatrash never answered the lawsuit and, on September 12, 2023, Elatrash did not appear for the noticed deposition. On October 13, 2023, Plaintiff's counsel attempted to confer via email with Elatrash about Elatrash's failure to appear for his deposition. In response to this communication, Elatrash sent Plaintiff counsel a check for $200.00, which represents one-half the costs Plaintiff counsel identified in connection with the deposition.
>
> Given the above, Plaintiff contends that Elatrash can be deemed to have appeared herein and be subject to a default judgment. Plaintiff hereby requests this Court deem Defendant Elatrash served. After issuance of an Order deeming Defendant Elatrash served, Plaintiff will file a Motion for Default Judgment against Defendant Elatrash.

Dkt. No. 40.

As this report reflects, Elatrash has not been served with process in this lawsuit.

Service of process is "fundamental to any procedural imposition on a named

defendant" and is therefore "the official trigger for responsive action by an individual or entity named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 353 (1999).

Consequently, "[a] federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4." *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)); *see also Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (Because "[a] judgment without personal jurisdiction is void," "a district court has the duty to assure it has the power to enter a valid default judgment." (footnote omitted)).

As to the SAC, the operative complaint, Jackson was not required to personally serve it on CSI, Grand HBL, and Henderson, as "personal service of the summons and complaint is not required in order to serve an amended complaint on parties who have already appeared in the litigation." *Taylor v. El Centro Coll.*, No. 3:21-cv-999-D-BH, 2022 WL 581812, at *1 (N.D. Tex. Feb. 25, 2022) (citing *Fluor Eng'rs & Constructors, Inc. v. S. Pac. Transp. Co.*, 753 F.2d 444, 449 n.7 (5th Cir. 1985) (Federal Rule of Civil Procedure 5 "facilitate[s] the pleadings process by permitting service on attorneys of record rather than the individual litigants once the parties are before the court."); collected cases omitted), *aff'd*, 2022 WL 837210 (N.D. Tex. Mar. 21, 2022).

But, aside from the procedure for waiver of service under Federal Rule of Civil Procedure 4(d), it is only proper to relax the formalities of service once a party is before the Court. *See Fluor*, 753 F.2d at 449 n.7 (holding that service under Rule 5 "is proper only after a party has appeared in an action"); 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1146 (4th ed.) ("[I]t is clear that amended or supplemental pleadings must be served on parties who have not yet appeared in the action in conformity with Rule 4.").

So the Court may not "deem" Elatrash served. And, if Jackson intends to request entry of default and move for default judgment against Elatrash, she must first serve the SAC on him. The Court therefore DENIES Jackson's motion embedded in the November 6 status report.

SO ORDERED.

DATED: November 7, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE